UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-218-MOC-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | CASTRO ORDER |
| ) | |
| PATRICK O'BRIAN ARTIS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on a pro se motion filed by Defendant, titled as a "Motion Pursuant to Rule 60(b)6 Procedural Error." (#34). In the motion, Defendant contends that he was improperly designated and sentenced as a career offender under U.S.S.G. § 4B1.1.

Defendant is serving a term of 188 months of imprisonment for Bank Robbery and Aiding & Abetting. The Fourth Circuit Court of Appeals dismissed Defendant's appeal and entered its mandate on March 6, 2019. Defendant filed the pending motion on December 23, 2019. Although not filed on Section 2255 forms and not signed under penalty of perjury, Defendant's motion reveals that it presents a collateral attack on his underlying conviction or sentence, which is properly brought under 28 U.S.C. § 2255.

Before construing such motion as a Section 2255 Motion to Vacate, Set Aside, or Correct a Sentence, the Court will first advise Defendant of the consequences of construing the motion as a Section 2255 petition and then advise Defendant on the method for making his election, all in the form of the following Notice:

**NOTICE**

1

In accordance with Castro v. United States, 540 U.S. 375 (2003), Defendant is advised that the Court intends to recharacterize this motion as an attempt to file a motion pursuant to 28 U.S.C. § 2255. Defendant is provided an opportunity to advise the court whether defendant agrees or disagrees with this recharacterization of the motion.

Before making this decision, Defendant should consider that if the Court construes this motion as one brought pursuant to § 2255, it will be Defendant's first § 2255 petition, which will mean that before Defendant can thereafter file a second or successive § 2255 petition, Defendant must apply for and receive certification from the United States Court of Appeals for the Fourth Circuit. In making such determination, Defendant should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;
2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant is advised to discuss this matter with legal counsel if counsel remains in the case. Defendant is required to respond within 30 days of service of this Order in one of two ways:

2

(1)     if Defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, the Court will rule on the merits of the motion as one brought pursuant to Rule 35(b) in the criminal action, a motion which is likely untimely; or

(2)     if Defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed. If Defendant agrees to have the motion considered as one pursuant to § 2255, the Court will provide a time within which an amendment to the motion to the extent permitted by law may be filed, which includes, but is not limited to, signing an Amended Motion to Vacate under penalty of perjury.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant must comply with the provisions of this Order by written filing on or before thirty (30) days after entry of this Order.

Signed: January 3, 2020

Max O. Cogburn Jr.
United States District Judge