UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-218-MOC-DSC-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PATRICK O'BRIAN ARTIS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a pro se motion filed by Defendant, titled as a "Motion for Compassionate Release Reduction." (Doc. No. 47). In the motion, Defendant contends that he was improperly designated and sentenced as a career offender under U.S.S.G. § 4B1.1. More specifically, he moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that he is actually innocent of being a career offender because his prior convictions for common law robbery and burning of an unoccupied building do not qualify as violent felonies under North Carolina state law. The Government has responded in opposition to the motion.

I.  BACKGROUND

In May 2013, Defendant disguised himself as a woman and robbed the North Carolina State Employees Credit Union in Charlotte, North Carolina. (Doc. No. 19 at ¶¶ 5-8: PSR). He placed a package on the counter with a handwritten note that stated, "THERE IS A BOMB IN THIS PACKAGE ON THE COUNTER. GIVE ME ALL YOUR MONEY AND STEP BACK. IF I GET ANY MONEY THAT TURNS COLORS WHEN I GET A CERTAIN AMOUNT OF FEET I BLOW IT. IF I HEAR ANY SIRENS FOR THE NEXT 15 MINS I WILL BLOW IT.

1

NOW PASS IT DOWN TO THE NEXT TELLER." The teller complied, and Defendant left with the bank's money. (Id. at ¶ 6). Police later determined that the package was a cigarette carton wrapped in duct tape with wires poking out of it. (Id. at ¶¶ 5, 7).

Less than a week later, Defendant robbed a SunTrust Bank in Charlotte. (Id. at ¶ 9). He placed a rectangular bag on the counter and handed the teller a note that said, "THIS IS A BOMB. LOAD MY BAG. IF I HEAR SIRENS I'LL BLOW IT UP IN 15 MIN. PUT NOTE IN BAG." (Id.). Defendant handed the teller a second bag, which the teller filled with money and handed to him. (Id. at ¶ 10). Defendant was later apprehended and confessed to both robberies. (Id. at ¶ 16). A week later, Defendant claimed that he was only the getaway driver for the first bank robbery. (Id. at ¶ 17).

A grand jury indicted Defendant, charging him with two counts of bank robbery by use of a dangerous device in violation of 18 U.S.C. §§ 2113(a), (d), and aiding abetting as to the first bank robbery. (Doc. No. 1). Defendant pled guilty to both counts. (Doc. No. 13). This Court sentenced Defendant as a career offender, citing his prior convictions for common law robbery, robbery affecting interstate commerce, burning an unoccupied building, and malicious use of explosive damage to property. See (Doc. No. 19 at ¶ 43; Doc. No. 24; Doc. No. 29, at 1–2). The Court imposed a 188-month sentence in 2014. (Doc. No. 24). Defendant did not appeal.

In June 2016, Defendant filed a motion to vacate, alleging that he was improperly sentenced as a career offender in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 26). He voluntarily dismissed that motion after the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 27). In March 2018, Defendant filed a second motion to vacate, arguing that he was improperly sentenced as a career offender in light of Mathis v. United States, 136 S. Ct. 2243 (2016), and that his counsel provided ineffective

assistance for not arguing that his career offender designation was unconstitutional. (Doc. No. 28). This Court dismissed the motion as time-barred and without merit. (Doc. No. 29). The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Defendant's appeal. (Doc. No. 32).

In December 2019, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that he was entitled to relief from his designation as a career offender because the Court relied on insufficient facts from the PSR, rather than Shepard documents, in finding that his prior convictions qualified as career offender predicates. (Doc. No. 34). He asserted that his prior convictions for common law robbery and burning of an unoccupied building and malicious use of explosive damage to property were both class G felonies under state law and did not qualify as violent felonies. (Id. at 2–3). This Court construed the motion as a successive motion to vacate and dismissed it for lack of jurisdiction, due to Defendant's failure to obtain authorization from the Fourth Circuit to file it. (Doc. No. 41).

A year later, Defendant filed a motion for compassionate release. (Doc. No. 42). The Government moved to dismiss Defendant's motion for failure to exhaust his administrative remedies. (Doc. No. 45). This Court granted the motion to dismiss and dismissed Defendant's motion without prejudice due to his failure to exhaust administrative remedies. (Doc. No. 46).

Defendant filed the pending motion for compassionate release in May 2021, arguing that he is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 47). He attached a response to inmate request from the Acting Warden, stating that he did not meet the criteria for compassionate release based on extraordinary and compelling circumstances. (Doc.

No. 47-1). More than 30 days have passed since this response. Defendant again seeks to challenge his career offender enhancement. Id.

## II. STANDARD OF REVIEW

Ordinarily, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A motion for compassionate release is an exception to this rule. The First Step Act of 2018 modified the compassionate release provision that allowed only the BOP to seek reduction of a sentence to permit prisoners to apply for such relief themselves. A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Fourth Circuit has concluded that because the Sentencing Commission has not yet issued a policy statement that applies to Section 3582(c)(1)(A) motions filed by defendants, rather than the BOP, courts may "make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" United States v. McCoy, 981 F.3d 271, 281–82, 284 (4th Cir. 2020). The policy statement issued with respect to motions brought by the BOP, however, "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7; see United States v. Moore, No. 3:13CR173, at 4 n.4 (W.D.N.C. Jan. 6, 2021) (sealed).

The Sentencing Commission's policy statement provides that a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the Court finds that (i)

4

"extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(A). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age (where he is at least 65 years old) and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

### III. DISCUSSION

Defendant's arguments challenge the validity of his sentence and conviction are not relevant to a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) or to a motion for compassionate release. Defendant has already filed one Section 2555 petition, which was denied. Accordingly, to the extent Defendant seeks a modification of his sentence on the basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), this Court lacks jurisdiction to decide the motion. This court may not hear a second or successive Section 2255 petition unless Defendant obtains approval from the Fourth Circuit. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Nor may Defendant disguise a subsequent Section 2255 motion by labelling it as a motion for a reduced sentence pursuant to another legal provision.

Even if Defendant had argued any of the grounds for a motion for compassionate relief, the Court would deny the motion. In determining whether to grant a motion or compassionate release, the Court must consider whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). The Court may also consider whether Defendant has an appropriate release plan.

Defendant has not argued or shown that the Section 3553(a) factors warrant relief, that he will not pose a danger to the community, or that he has an appropriate release plan. Although an exhibit to his motion shows that he has engaged in educational programming while incarcerated, Doc. No. 47-1 at 6, this does not show that he would not pose a danger to the community. The nature of Defendant's offenses, including threatening to detonate bombs to rob banks, was very serious. And, due to his extensive criminal history, he scored in criminal history category VI, even without the career offender enhancement. (Doc. No. 19 at ¶ 59). His prior convictions included robbery with a dangerous weapon, possession of a firearm by a felon, and use of an explosive or incendiary device to burn a building. (Id. at ¶¶ 54, 55). The original sentence that this Court imposed adequately accounted for the Section 3553(a) factors, including providing just punishment, affording adequate deterrence to criminal conduct, protecting the public from further crimes, and avoiding unwarranted sentencing disparities. Defendant has not met his burden to show that the Court should reduce his sentence. Thus, to the extent that Defendant's motion is construed as a motion for compassionate release, rather than as a Section 2255 motion to vacate, the motion is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Compassionate Release Reduction" (Doc. No. 47), is **DENIED**.

Signed: June 18, 2021

Max O. Cogburn Jr
United States District Judge