UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-218-MOC-DSC-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| PATRICK O'BRIAN ARTIS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Reconsideration of the Court's Order denying Defendant's Motion for Compassionate Release and Motion for Sentence Reduction under the First Step Act. (Doc. No. 60). The Government has responded in opposition to the motion. (Doc. No. 64).

I. BACKGROUND

In May 2013, Defendant disguised himself as a woman and robbed the North Carolina State Employees Credit Union in Charlotte, North Carolina. (Doc. No. 19 at ¶¶ 5-8: PSR). He placed a package on the counter with a handwritten note that stated, "THERE IS A BOMB IN THIS PACKAGE ON THE COUNTER. GIVE ME ALL YOUR MONEY AND STEP BACK. IF I GET ANY MONEY THAT TURNS COLORS WHEN I GET A CERTAIN AMOUNT OF FEET I BLOW IT. IF I HEAR ANY SIRENS FOR THE NEXT 15 MINS I WILL BLOW IT. NOW PASS IT DOWN TO THE NEXT TELLER." The teller complied, and Defendant left with the bank's money. (Id. at ¶ 6). Police later determined that the package was a cigarette carton wrapped in duct tape with wires poking out of it. (Id. at ¶¶ 5, 7).

1

Less than a week later, Defendant robbed a SunTrust Bank in Charlotte. (Id. at ¶ 9). He placed a rectangular bag on the counter and handed the teller a note that said, "THIS IS A BOMB. LOAD MY BAG. IF I HEAR SIRENS I'LL BLOW IT UP IN 15 MIN. PUT NOTE IN BAG." (Id.). Defendant handed the teller a second bag, which the teller filled with money and handed back to Defendant. (Id. at ¶ 10). Defendant was later apprehended and confessed to both robberies. (Id. at ¶ 16). A week later, Defendant claimed that he was only the getaway driver for the first bank robbery. (Id. at ¶ 17).

A grand jury indicted Defendant, charging him with two counts of bank robbery by use of a dangerous device in violation of 18 U.S.C. §§ 2113(a), (d), and aiding and abetting as to the first bank robbery. (Doc. No. 1). Defendant pled guilty to both counts. (Doc. No. 13). This Court sentenced Defendant as a career offender, citing his prior convictions for common law robbery, robbery affecting interstate commerce, burning an unoccupied building, and malicious use of an explosive to damage property. See (Doc. No. 19 at ¶ 43; Doc. No. 24; Doc. No. 29, at 1–2). The Court imposed a 188-month sentence in 2014. (Doc. No. 24). Defendant did not appeal.

In June 2016, Defendant filed a motion to vacate, alleging that he was improperly sentenced as a career offender in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 26). He voluntarily dismissed that motion after the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 27). In March 2018, Defendant filed a second motion to vacate, arguing that he was improperly sentenced as a career offender in light of Mathis v. United States, 136 S. Ct. 2243 (2016), and that his counsel provided ineffective assistance for not arguing that his career offender designation was unconstitutional. (Doc. No. 28). This Court dismissed the motion as time-barred and without merit. (Doc. No. 29). The

Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Defendant's appeal. (Doc. No. 32).

In December 2019, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that he was entitled to relief from his designation as a career offender because the Court relied on insufficient facts from the PSR, rather than Shepard documents, in finding that his prior convictions qualified as career offender predicates. (Doc. No. 34). He asserted that his prior convictions for common law robbery and burning of an unoccupied building and malicious use of an explosive to damage property were both class G felonies under state law and did not qualify as violent felonies. (Id. at 2–3). This Court construed the motion as a successive motion to vacate and dismissed it for lack of jurisdiction, due to Defendant's failure to obtain authorization from the Fourth Circuit to file it. (Doc. No. 41).

A year later, Defendant filed a motion for compassionate release. (Doc. No. 42). The Government moved to dismiss Defendant's motion for failure to exhaust his administrative remedies. (Doc. No. 45). This Court granted the motion to dismiss and dismissed Defendant's motion without prejudice due to his failure to exhaust administrative remedies. (Doc. No. 46).

Defendant filed a second motion for compassionate release in May 2021, again seeking to challenge his career-offender enhancement. (Doc. No. 47). This Court denied the motion in June 2021, holding that Defendant could not "disguise a subsequent Section 2255 motion by labelling it as a motion for a reduced sentence pursuant to another legal provision." (Doc. No. 51 at 5). The Court also held that, even if Defendant had argued an appropriate ground for compassionate release, the Court would deny his motion because he had not shown that the sentencing factors in 18 U.S.C. § 3553(a) warranted relief, that he would not pose a danger to the community, or that he had an appropriate release plan. (Id. at 6).

On October 4, 2022, Defendant filed his third motion for compassionate release. (Doc. No. 56). Once again, he argues that he was improperly sentenced as a career offender, and he asserts that he has shown rehabilitation. On November 29, 2022, after the Government filed a response, this Court entered an order dismissing Defendant's motion without prejudice for failure to exhaust administrative remedies. (Doc. No. 59). On January 3, 2023, Defendant filed the pending motion for reconsideration. (Doc. No. 60). The Government has filed an Amended Response, conceding that Defendant has exhausted his administrative remedies, but arguing that his motion for compassionate release should be denied on the merits. See (Doc. No. 64).

## II. STANDARD OF REVIEW

Ordinarily, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A motion for compassionate release is an exception to this rule. The First Step Act of 2018 modified the compassionate release provision that allowed only the BOP to seek reduction of a sentence to permit prisoners to apply for such relief themselves. A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Fourth Circuit has concluded that because the Sentencing Commission has not yet issued a policy statement that applies to Section 3582(c)(1)(A) motions filed by defendants, rather than the BOP, courts may "make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the

statutory language[.]" United States v. McCoy, 981 F.3d 271, 281–82, 284 (4th Cir. 2020). The policy statement issued with respect to motions brought by the BOP, however, "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7; see United States v. Moore, No. 3:13CR173, at 4 n.4 (W.D.N.C. Jan. 6, 2021) (sealed).

The Sentencing Commission's policy statement provides that a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(A). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age (where he is at least 65 years old) and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

**III. DISCUSSION**

The Court finds that, to the extent that the Government now concedes that Defendant exhausted his administration remedies, it is appropriate to address the merits of Defendant's claims. To this extent, the Court grants the motion for reconsideration. The Court further finds, however, that Defendant is not entitled to compassionate release for the same reasons that Court denied his prior motion on the merits. See (Doc. No. 51). That is, considering the merits of Defendant's claims, Defendant's arguments challenge the validity of his sentence and conviction

are not relevant to a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) or to a motion for compassionate release. Defendant has already filed one Section 2555 petition, which was denied.[1] Accordingly, to the extent Defendant seeks a modification of his sentence on the basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), this Court lacks jurisdiction to decide the motion. This Court may not hear a second or successive Section 2255 petition unless Defendant obtains approval from the Fourth Circuit. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Nor may Defendant disguise a subsequent Section 2255 motion by labelling it as a motion for a reduced sentence pursuant to another legal provision.

Furthermore, as the Court found in its prior order, the Section 3553(a) factors do not warrant relief. The nature of Defendant's offenses, including threatening to detonate bombs to rob banks, was very serious. And, due to his extensive criminal history, he scored in criminal history category VI, even without the career offender enhancement. (Doc. No. 19 at ¶ 59). His prior convictions included robbery with a dangerous weapon, possession of a firearm by a felon, and use of an explosive or incendiary device to burn a building. (Id. at ¶¶ 54, 55). The original sentence that this Court imposed adequately accounted for the Section 3553(a) factors, including providing just punishment, affording adequate deterrence to criminal conduct, protecting the

---

[1] In any event, as the Government notes, Defendant's assertions that he was improperly sentenced as a career offender and that he would receive a lower sentence if sentenced today are without merit. This Court correctly sentenced Defendant as a career offender in 2014, and he remains a career offender today.

public from further crimes, and avoiding unwarranted sentencing disparities. Defendant has not met his burden to show that the Court should reduce his sentence.

Finally, in his current motion for compassionate release, Defendant asserts that he has maintained clear conduct and has used his time wisely and is involved only in productive activities. However, a defendant's compliance with prison rules is a minimum expectation of incarceration, not an extraordinary circumstance. Moreover, as the Government notes, Defendant was disciplined last year for refusing to obey an order. (Gov. Ex. 2). Congress, moreover, has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t). For all these reasons, Defendant is not entitled to compassionate release.

## ORDER

For the reasons stated herein, Defendant's pro se Motion for Reconsideration (Doc. No. 60) is **GRANTED** to the extent that the Court finds that Defendant exhausted his administrative remedies before filing his pending motion for compassionate release. The Court finds, however, that when considering the merits of Defendant's motion for compassionate release, Defendant is not entitled to early release.

Signed: March 10, 2023

Max O. Cogburn Jr
United States District Judge