UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cr-218-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| **PATRICK OBRIAN ARTIS,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence/Motion to Reduce Sentence under Amendment 821. (Doc. No. 66). The Government has filed a response in opposition to the motion. (Doc. Nos. 72, 73).

I.   Background

In May of 2013, Defendant robbed two banks in Charlotte, North Carolina. (Doc. No. 19 ¶¶ 5–11). During both robberies, Defendant presented the tellers with what he represented was a bomb and threatened to blow up the bank if they did not comply with his demand for money. (Id. ¶¶ 5, 9). When he committed the robberies, Defendant had previously been convicted of common-law robbery, two counts of robbery with a dangerous weapon, burning an unoccupied building, and malicious use of an explosive with damage to property in North Carolina state courts. (Id. ¶¶ 53–55). He had also been convicted in this Court of Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence. (Id. ¶ 54). Eight months after his release from the Bureau of Prisons he committed his bank-robbery offenses. (Id.).

A federal grand jury indicted Defendant and charged him with two counts of armed bank robbery. (Doc. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to both bank-robbery offenses. (Doc. No. 13 ¶ 1; Doc. No. 15).

1

This Court's probation office submitted a presentence report and classified Defendant as a career offender based on his prior crimes of violence, including common-law robbery, Hobbs Act robbery, burning an unoccupied building, and malicious use of explosive with damage to property. (Doc. No. 19 ¶ 43). The probation office calculated a total offense level 34. (Id. ¶ 46). The probation office assessed Defendant 11 criminal-history points based on his prior convictions and two criminal-history points because he was on supervised release when he committed his bank-robbery offenses. (Id. ¶¶ 57–58).

With 13 criminal-history points, Defendant's criminal history placed him into criminal-history category VI. (Id. ¶ 59). Defendant's classification as a career offender also placed him into criminal-history category VI. (Id.). The Sentencing Guidelines advised a sentence of between 188 and 235 months in prison. (Id. ¶ 77). This Court sentenced Defendant to 188 months in prison, at the bottom of the advisory guideline range. (Doc. No. 24 at 2).

Defendant has previously filed several motions for compassionate release. (Doc. Nos. 42, 47, 60). This Court has denied all of them. (Doc. Nos. 46, 51, 59, 65). Defendant has committed two disciplinary infractions during his current imprisonment in the Bureau of Prisons. (Gov't Ex. 1). Defendant has completed 25 educational courses while in the Bureau of Prisons. (Gov't Ex. 2).

Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines and to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Bureau of Prisons reports that it has no record of a reduction-in-sentence request submitted by Defendant since this Court last denied compassionate release.

II. Legal Standards and Discussion

A. Defendant's Compassionate Release Motion

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

**B. Defendant's Amendment 821 Motion**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2)

3

he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less

4

than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

Defendant is not eligible for a reduction in his sentence under Amendment 821. The probation office assessed him two points because he committed his offense while under a criminal-justice sentence, as required for eligibility under Part A of Amendment 821. But because he was classified as a career offender, his criminal-history category would be VI, even with a reduction of those two criminal-history points. See (Doc. No. 19 ¶ 59). And Defendant is not a zero-point offender; thus, he is not eligible for a sentence reduction under Part B of Amendment 821.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 66), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP. To the extent Defendant seeks a reduction in sentence under Amendment 821, his motion is denied because he is not eligible for a sentence reduction under Amendment 821.

Signed: July 18, 2024

Max O. Cogburn Jr
United States District Judge